# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 14 CR 138 |
| | ) | |
| MICHAEL DAVIS. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Michael Davis' (Davis) motion for judgment of acquittal. For the reasons stated below, the motion for judgment of acquittal is denied.

## BACKGROUND

Davis was charged in Count One of the Superseding Indictment with the collection of extensions of credit by extortionate means in violation of 18 U.S.C. § 894, and in Count Two with attempted interference with commerce by threats or violence in violation of 18 U.S.C. § 1951. A jury trial commenced on June 1, 2015, and on June 15, 2015, a jury convicted Davis on both counts. Davis now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (Rule 29(c)).

1

**LEGAL STANDARD**

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Rule 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

**DISCUSSION**

I. Sufficiency of Evidence

Davis argues that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt on Counts One and Two. (Mot. 1). The Seventh Circuit

2

has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle . . . [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)).

    A. Elements to Prove

Davis contends that the Government failed to prove beyond a reasonable doubt all of the elements of Count One, which charged Davis with the use of extortionate means to attempt to collect an extension of credit. (Mot. 2). To find Davis guilty of Count One, the Government needed to prove beyond a reasonable doubt the following three elements: (1) "[t]hat there was an attempt to collect an extension of credit, including attempting to induce in any way the repayment by anyone of a loan or other thing of value for which repayment was expected," (2) "[t]hat the attempt to collect involved the use of extortionate means, that is, the express or implied threat of the use of violence or other criminal means to cause harm to the person, reputation, or property of anyone," and (3) "[t]hat the Defendant knowingly participated in some way in the use of such extortionate means in that attempted collection." (Court's Jury Instruction No. 25); *see United States v.*

*Khilchenko*, 324 F.3d 917, 919-20 (7th Cir. 2003)(stating that "to convict a defendant under [18 U.S.C.] § 894, the trier of fact must find that: (1) a collection or attempted collection of an 'extension of credit' was made, (2) extortionate means were used, and (3) the defendant knowingly participated in these actions")(citing *United States v. Touloumis*, 771 F.2d 235, 238 (7th Cir. 1985)).

Davis also contends that the Government failed to prove beyond a reasonable doubt all of the elements of Count Two, which charged Davis with attempted extortion. (Mot. 2-3). To find Davis guilty of Count Two, the Government needed to prove beyond a reasonable doubt the following four elements: (1) "[t]hat the Defendant knowingly attempted to obtain money or property from Ideal Motors, Inc.," (2) "[t]hat the Defendant did so by means of extortion by wrongful use of actual or threatened force, violence, or fear," (3) "[t]hat the Defendant believed that Ideal Motors, Inc. would have parted with the money or property because of the extortion," and (4) "that the conduct of the Defendant would have affected or had the potential to affect interstate commerce." (Court's Jury Instruction No. 28); *see United States v. Mitov*, 460 F. 3d 901, 907 (7th Cir. 2006)(stating that "[t]o support the conviction of attempted extortion under 18 U.S.C. § 1951, the government had to prove, beyond a reasonable doubt, that [defendant] wrongfully used force or fear, including fear of economic harm, to obtain money or property, with their consent, from [victims]," that "[t]his fear of economic harm need not be certain, it must only be reasonable," and that "the extortion must be shown to affect interstate commerce").

4

B. Evidence at Trial

Specifically, with respect to Count One, Davis argues that the Government "failed to prove beyond a reasonable doubt that Mr. Davis attempted to collect an extension of credit." (Mot. 3). With respect to Count Two, Davis argues that the Government "failed to prove beyond a reasonable doubt that Mr. Davis knowingly attempted to obtain money or property from Ideal Motors through the use of extortionate means." (Mot. 3). Accordingly, the court will only analyze whether the burden of proof was met as to these elements. *See United States v. Bonsu*, 336 F.3d 582, 587-88 (7th Cir. 2003)(finding that a "challenge to the sufficiency of the evidence is forfeited by . . . failure to develop [an] argument through citation to the relevant portions of the record and supporting authority")(stating also that "sufficiency challenges are notoriously difficult to win in any event").

The court notes as a preliminary matter that the parties do not dispute that an extension of credit and a debt existed, as Davis loaned money to Ideal Motors and that R.J. Serpico (Serpico) owed money to Davis. Davis argues that the Government produced no evidence to show that Davis demanded repayment of his loan or that he attempted to induce a repayment of the loan. (Mot. 3). However, the evidence at trial clearly showed that Davis walked into Serpico's office and threatened Serpico and his family because the debt was not being repaid. Serpico testified that he knew that he needed to come up with the money to repay Davis or that he and his family

5

would be in danger. Evidence was introduced that showed that Serpico subsequently made payments to Davis, indicating that he did so based on fear of future violence. Evidence was also presented to show that Davis intended to have Serpico beaten to induce future payments, and that the only motive for a beating was to reclaim the money that Serpico owed him.

At trial, in addition to the testimony of Serpico, the Government presented recordings of intercepted phone calls on which the Government's confidential source, George Brown (Brown), was given instructions to commit the assault and the amount of money to be paid to perform the beating. Davis argues that in the recordings there was no mention about collecting money from Serpico. (Mot. 3). However, there was sufficient circumstantial evidence presented at trial for the jury to make such an inference. *See United States v. Moore*, 115 F.3d 1348, 1364 (7th Cir. 1997)(stating that "[c]ircumstantial evidence is not less probative than direct evidence, and, in some cases is even more reliable")(citing *United States v. Rose*, 12 F.3d 1414, 1420 (7th Cir. 1994))(internal quotations omitted). Further evidence at trial, in the form of bank records, title records, floor plan company records, toll records, cell site evidence, as well as testimony from Serpico, Brown, John Rovito, employees of Ideal Motors, and two agents, taken as a whole, provided ample evidence for the jury to conclude that money was exchanged in ordering the beating, that the beating was ordered as a result of an outstanding debt owed to Davis, and that it was meant to induce Serpico to make payments.

Serpico's testimony at trial showed that he deposited funds into bank accounts set up by Davis, signed over title of a Chevrolet Chevelle, and turned over to Davis approximately $60,000 out of fear of physical harm to him and his family. Davis further argues that Ideal Motors was paying other debtors at the same time, and that Serpico turned over a Chevrolet Chevelle to Davis which was subsequently sold for approximately $30,000 because it was a "vintage luxury automobile," and not the type of used car that the dealership would typically sell, referring to the transaction as a "wise business decision" for a company heavily in debt. (Mot. 5-6). The evidence presented at trial, including Serpico's testimony, demonstrated that Serpico turned over the money and car to Davis in order to appease him based on fear of physical violence for not having repaid the debt. There was ample evidence presented at trial which showed that Davis attempted to collect an extension of credit and that he knowingly attempted to obtain money or property from Ideal Motors through the use of extortionate means. Thus, the totality of the evidence presented at trial, when viewed in the light most favorable to the Government, was more than sufficient to enable the jury to find Davis guilty of both Counts One and Two in the Superseding Indictment. Based on the above, Davis' motion for judgment of acquittal is denied.

## CONCLUSION

Based on the foregoing analysis, Davis' motion for judgment of acquittal is denied.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Samuel Der-Yeghiayan
　　　　　　　　　　　　　　　　United States District Court Judge

Dated:　November 17, 2015